IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **FILED UNDER SEAL** |
| | § | |
| v. | § | NO. 6:15CR66 |
| | § | Judge Schneider |
| SENG SAYSANASONGKHAM (1) | § | |
| THIP THIPSIPASOM (2) | § | |
| CAROLYNNE RHYS (3) | § | |
| MARK RHYS (4) | § | **FILED** |
| MATTHEW RHYS (5) | § | |
| AMY ANNICE McCULLOUGH (6) | § | NOV 1 2 2015 |

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

Clerk, U.S. District Court
Texas Eastern

**Count One**

Violation:   18 U.S.C. §§ 1955 and 2
(Illegal Gambling Business and
Aiding and Abetting)

Beginning on a date unknown, but no later than on or about November 2014 and

continuing until on or about June 10, 2015, in the Eastern District of Texas and elsewhere,

**Seng Saysanasongkham, Thip Thipsipasom, Carolynne Rhys, Mark Rhys, Matthew**

**Rhys, Amy Annice McCullough,** the defendants, and others known and unknown, did

conduct, finance, manage, supervise, direct and own all or part of an illegal gambling

business, to wit a gambling business involving eight-liner gaming machines, also known as

slot machines, which gambling business was a violation of the laws of the State of Texas to

wit, Texas Penal Code §§ 71.02, 47.02, 47.03, 47.04, and 47.06, and which involved five or

more persons who conducted, financed, managed, supervised, directed and owned all or

part of said illegal gambling business, and which remained in substantially continuous

operation for a period in excess of thirty days and had a gross revenue of $2,000.00 in any

single day.

In violation of 18 U.S.C. §§ 1955 and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As the result of committing a violation of 18 U.S.C. § 1955 as alleged in this

Information, the defendant shall forfeit to the United States of America pursuant to 18

U.S.C. § 982(a)(1)(c) and 28 U.S.C. § 2461, and 18 U.S.C. § 1955(d) all property, real or

personal, constituting or derived from proceeds traceable to and property used in

violation of 18 U.S.C. § 1955.

### Substitute Assets

Moreover, if any property subject to forfeiture, as a result of any act or omission

by the defendant (i) cannot be located upon the exercise of due diligence, (ii) has been

transferred or sold to, or deposited with a third party, (iii) has been placed beyond the

jurisdiction of the court, (iv) has been substantially diminished in value, or (v) has been

commingled with other property which cannot be subdivided without difficulty, the

defendant shall forfeit to the United States any other property of the defendant's up to the

value of the forfeitable property.

A TRUE BILL

_____
FOREMAN


JOHN M. BALES
UNITED STATES ATTORNEY

_____
LESLEY D. BROOKS
Assistant United States Attorney

11-12-15
_____
Date

INDICTMENT
PAGE 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 6:15CR |
| v. | § | Judge |
| | § | |
| SENG SAYSANASONGKHAM (1) | § | |
| THIP THIPSIPASOM (2) | § | |
| CAROLYNNE RHYS (3) | § | |
| MARK RHYS (4) | § | |
| MATTHEW RHYS (5) | § | |
| AMY ANNICE McCULLOUGH (6) | § | |

## NOTICE OF PENALTY

### Count One

Violation:     18 U.S.C. § 1955

Penalty:     Imprisonment for a term of not more than 5 years, a fine not to exceed $250,000 or not more than twice the amount of criminally derived property involved in the transaction; supervised release for a term of not more than 3 years.

Special Assessment: $100.00

INDICTMENT
PAGE 4